RECEIVED
IN MONROE, LA.
APR 1 8 2012
Ac
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RODNEY EVANS<br>LA. DOC #120146 | CIVIL ACTION NO. 11-0678 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| LAURIE BRISTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

*Pro se* plaintiff Rodney Evans, proceeding *in forma pauperis*, filed the instant civil rights complaint on April 26, 2011. On October 25, 2011, Magistrate Judge Karen L. Hayes issued an order [Doc. No. 9] directing Plaintiff to amend his complaint or before November 25, 2011, and to provide additional factual support for his claims.

On January 4, 2012, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 10] in which she found that Plaintiff had ignored her order because he neither provided the information demanded of him nor requested an extension of time to respond to the amend order. Therefore, she recommended that the Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b).

On January 10, 2012, the Clerk of Court received and filed a letter from Plaintiff. Plaintiff stated that he never received Magistrate Judge Hayes' October 25, 2011 order. He noted that he was transferred between Riverbend Detention Center (his current place of confinement) and East Carroll Detention Center four times between June and December, 2011. Plaintiff requests a "copy of [Magistrate Judge Hayes'] order and a time frame in which to amend my complaint." [Doc.

No. 11]. Therefore, on February 27, 2012, the Court issued a Memorandum Order [Doc. No. 12] ordering the Clerk of Court to forward a copy of Magistrate Judge Hayes' October 25, 2011 order [Doc. No. 9] to Plaintiff at his current place of confinement and further ordering Plaintiff to file an amended complaint no later than April 2, 2012.

Given Plaintiff's allegations, on February 27, 2012, Magistrate Judge Hayes withdrew her Report and Recommendation. *See* [Doc. No. 13].

However, on March 8, 2012, a copy of the Court's February 27, 2012 Memorandum Order, which was mailed to Plaintiff at Riverbend Detention Center, was returned with the stamped notations "return to sender," "attempted not known," and "unable to forward." [Doc. No. 14 (capitalization deleted)]. Likewise, the same day a copy of Magistrate Judge Hayes' February 27, 2012 Order was also returned with the notation apparently stamped by staff at the Riverbend Detention Center "OFFENDER NO Longer Here." [Doc. No 15]. Finally, on March 15, 2012, a second copy of the Court's February 27, 2012 Order was also returned with the notation "REFUSED." [Doc. No. 16].

Local Rule 41.3W, in pertinent part, provides:

> The failure of an attorney or *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

In this case, the Court previously gave Plaintiff the benefit of the doubt based on his transfers between Riverbend Detention Center and East Carroll Detention Center. However, Plaintiff bears the responsibility for prosecuting his case and keeping the Court apprised of his current address. However, more than thirty (30) days have passed since the Court's orders were returned as

2

undeliverable.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's civil rights action is DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3W.

MONROE, LOUISIANA, this __18__ day of __April__, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE